Joseph FIERRO, Plaintiff–Appellee,

v.

The CITY OF NEW YORK, Ronna Bleadon, former Principal, P12X, Special Education, in her individual capacity, Sharon Burnett, former Local Instructional Superintendent with Special Education District 75, New York Department of Education, in her individual and official capacities, Dr. Susan Erber, former Superintendent, Special Education District 75, City-wide Programs, New York City Department of Education, in her individual and official capacities, Bonnie Brown, former Deputy Superintendent and current Superintendent, Special

Education District 75, Citywide Programs, New York City Department of Education, in her individual and official capacities, New York City Department of Education, Defendants–Appellants.

No. 08–3962–cv.

United States Court of Appeals, Second Circuit.

July 27, 2009.

————

Fay Ng, Assistant Corporation Counsel (Pamela Seider Dolgow, on the brief), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Defendants–Appellants.

Kathy Polias (Anthony C. Ofodile, on the brief), Ofodile & Associates, Brooklyn, NY, for Plaintiff–Appellee.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, Circuit Judges, and MIRIAM GOLDMAN CEDARBAUM,* District Judge.

## SUMMARY ORDER

Defendant–Appellant Ronna Bleadon appeals from the denial of her motion for qualified immunity in the United States District Court for the Southern District of New York (Scheindlin, *J.* ). As the principal at P12X, a public school in the Bronx, New York, Bleadon supervised Plaintiff–Appellee Joseph Fierro during his tenure as an assistant principal at the school. Fierro claims that he exercised his First Amendment right to free speech when he refused to follow Bleadon's order to submit false and damaging information about two teachers at the school and that Bleadon subsequently retaliated against him in violation of the First Amendment by creating a hostile work environment for him and by transferring him to a location with inferior working conditions. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

The district court concluded that under *Garcetti v. Ceballos,* 547 U.S. 410, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006), Fierro stated a valid claim that Bleadon violated his First Amendment rights, because in "refus[ing] Bleadon's instructions to en-

* The Honorable Miriam Goldman Cedarbaum, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

gage in blatantly wrongful acts," Fierro engaged in protected speech.

The district court also determined that Bleadon is not shielded by qualified immunity. In this interlocutory appeal, Bleadon argues that Fierro was not engaged in protected speech when he refused to follow her alleged instructions to sabotage other teachers and that she is therefore protected by qualified immunity.

We review decisions denying a 12(b)(6) motion to dismiss on qualified immunity grounds *de novo,* and in so doing we accept as true all the material allegations of the complaint and draw all reasonable inferences in the plaintiff's favor. *Pena v. DePrisco,* 432 F.3d 98, 107 (2d Cir.2005). A government official is entitled to qualified immunity where his or her discretionary conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The initial question with respect to qualified immunity is whether, viewing the facts alleged in the light most favorable to the plaintiff, there was a constitutional violation. *See Clubside, Inc. v. Valentin,* 468 F.3d 144, 152 (2d Cir.2006). If the answer to that question is yes, then the Court must determine if that right was clearly established at the time the challenged decision was made, and whether the defendants' actions were objectively unreasonable. *Harhay v. Town of Ellington Bd. of Educ.,* 323 F.3d 206, 211 (2d Cir.2003). The Supreme Court has instructed that this sequence of inquiry is often appropriate but is not mandatory, and courts may use their discretion to determine which of the two qualified immunity prongs should be addressed first "in light of the circumstances in the particular case at hand." *Pearson v. Callahan,* —— U.S. ——, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009).

Turning to the second qualified immunity prong at the outset, we note that neither the Supreme Court nor this Court has held that there is a constitutionally protected right for public employees to refuse to follow orders to engage in misconduct. Nonetheless, the district court declared that under *Garcetti* such speech is protected by the First Amendment and that Bleadon was not protected by qualified immunity at the time she allegedly retaliated against Fierro in 2005 because "drawing all inferences in [Fierro's] favor, it is not objectively reasonable for Bleadon to have believed that her conduct did not violate [Fierro's] clearly established constitutional right."

Without addressing the substantive question of whether a public employee's refusal to abide by an instruction to engage in misconduct is protected speech under the First Amendment, such protection was certainly not clearly established at the time Bleadon engaged in her allegedly retaliatory conduct. That Bleadon's alleged instructions may have been patently wrongful does not establish that the constitutional right asserted was clearly established. *See X–Men Sec., Inc. v. Pataki,* 196 F.3d 56, 66 (2d Cir.1999) (indicating that if a constitutional protection is not clearly established at the time of an official's alleged conduct, the official will be protected by qualified immunity even if her conduct was not objectively reasonable).

For the foregoing reasons, the decision of the district court is REVERSED and REMANDED for proceedings consistent with this order.